**Opinion issued June 3, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-11-00052-CR

———————————————

**HENRY EARL TAYLOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1066968**

---

## MEMORANDUM OPINION

This is an appeal from an adjudication of guilt in which appellant, Henry Earl Taylor, was sentenced to two years' confinement in the state jail. We previously held that we lacked jurisdiction to consider the merits of this appeal

because Taylor's notice of appeal was untimely. *Taylor v. State*, No. 01-11-00052-CR, 2012 WL 5381215, at *2 (Tex. App.—Houston [1st Dist.] Nov. 1, 2012), *rev'd*, No. PD-0180-13, 2014 WL 440990, at *5 (Tex. Crim. App. Feb. 5, 2014). The Court of Criminal Appeals reversed, holding that "[t]hough imperfectly addressed, appellant's notice of appeal arrived [here] within the window of time permitted under the mailbox rule, thereby invoking the jurisdiction of the court of appeals." *Taylor v. State*, No. PD-0180-13, 2014 WL 440990, at *5 (Tex. Crim. App. Feb. 5, 2014). The Court remanded for consideration of the merits. *Id.* In his sole point of error, Taylor contends that his trial counsel rendered ineffective assistance. We affirm.

## Background

After Taylor was charged with evading arrest with a motor vehicle, he waived indictment, pleaded no contest, and received two years' deferred adjudication community supervision. In March 2008, the State filed a motion to adjudicate his guilt. Taylor was arrested on September 28, 2010, over two years after his community supervision expired. After hearing the State's motion, the trial court found true four of the State's seven[1] allegations that Taylor violated his

---

[1] The State alleged the following seven grounds for revocation of Taylor's community supervision: (1) failure to report, (2) failure to verify employment, (3) failure to pay supervision fees, (4) failure to pay court costs, (5) failure to pay a laboratory processing fee, (6) failure to obtain an offender identification card, and (7) failure to participate in a treatment program.

community supervision and imposed a sentence of two years' confinement in the state jail.  In his sole point of error on appeal, Taylor argues that his counsel was ineffective for failing to raise a due-diligence defense that would have deprived the trial court of jurisdiction to hear the motion to adjudicate.

**Ineffective Assistance of Counsel**

**A.      Standard of Review and Applicable Law**

Both the federal and state constitutions guarantee an accused the right to have the assistance of counsel.  *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CRIM. APP. PROC. ANN. art. 1.051 (West Supp. 2013).  The right to counsel includes the right to reasonably effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  Both state and federal claims of ineffective assistance of counsel are evaluated under the two prong analysis of *Strickland*.  *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  The first prong requires the appellant to demonstrate that counsel's performance was deficient, meaning that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.  The second prong requires the appellant to show that counsel's deficient performance prejudiced the defense.  *Id.* To establish prejudice, the appellant must prove there is a reasonable probability

3

that but for counsel's deficient performance, the result of the proceeding would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2069.

## B.      Analysis

Taylor contends that his trial counsel was ineffective because he failed to raise a viable defense: that the trial court lacked jurisdiction to hear the motion to adjudicate because the State failed to exercise due diligence in executing the capias.

The trial court retains jurisdiction to adjudicate an appellant's guilt and revoke his community supervision if, before expiration of the term, the State files a motion to revoke community supervision and the court issues a capias for the appellant's arrest. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(e) (West 2013). After the capias issues, the State must exercise due diligence "to apprehend the probationer and to hear and determine the allegations in the motion." *Peacock v. State*, 77 S.W.3d 285, 287 (Tex. Crim. App. 2002) (citing *Rodriguez v. State,* 804 S.W.2d 516, 517 (Tex. Crim. App. 1991)). If the defendant contends that the State failed to exercise due diligence in arresting him, the defendant must raise the defense before or during the revocation hearing. *Peacock*, 77 S.W.3d at 287–88.

4

Before the 2003 legislative amendments to Texas Code of Criminal Procedure Article 42.12, "the common-law due-diligence requirement applied to all revocation allegations." *Garcia v. State*, 387 S.W.3d 20, 24 (Tex. Crim. App. 2012) (citing *Peacock*, 77 S.W.3d at 288). "[B]y its 2003 amendments to Article 42.12, the Legislature eliminated the common-law due-diligence defense and replaced it with the limited affirmative defense provided in the due-diligence statute." *Garcia*, 387 S.W.3d at 26 (citing TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24). As a result, the due-diligence defense now "applies to only two revocation allegations: failure to report to an officer as directed, and failure to remain within a specified place." *Garcia*, 387 S.W.3d at 23–24 (citing TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24).

Here, it is undisputed that the State filed its motion and the court issued the capias before Taylor's term of community supervision expired. At the hearing on the motion, the trial court found true the following four allegations: (1) failure to report, (2) failure to verify employment, (3) failure to obtain an offender identification card,[2] and (4) failure to participate in a treatment program. But, the statutory due-diligence defense applies to only one of these four allegations: failure to report. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24.

---

[2] Taylor pleaded true to this allegation.

5

A single violation is sufficient to support a revocation of community supervision. *Garcia*, 387 S.W.3d at 26; *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Thus, even if Taylor's trial counsel had timely raised the due-diligence defense, the trial court's findings of true to the three other allegations to which the due-diligence defense does not apply are sufficient to support the revocation. *See Garcia*, 387 S.W.3d at 26 (holding even if State did not exercise due diligence, which would have been a defense to revocation based on the defendant's failure to report to a supervision officer, revocation based on another ground was supported by record); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (pleas of true to unchallenged alleged violations sufficient to support trial court's revocation of community supervision); *Wheat v. State*, 165 S.W.3d 802, 806 (Tex. App.—Texarkana 2005, pet. dism'd) (affirming trial court's revocation because five grounds found by the trial court were not subject to due-diligence defense).

Because there is no reasonable probability that the result of the proceeding would have been different had trial counsel raised a due-diligence defense, we conclude that Taylor failed to satisfy the second prong of *Strickland*. *See Houston v. State*, No. 01-09-00669-CR, 2011 WL 946979, at *3 (Tex. App.—Houston [1st Dist.] Mar. 17, 2011, no pet.) (holding that appellant's failure to raise due-diligence defense did not fall below professional norms and that the result of the

proceeding would not have been different because due-diligence defense did not apply). Further, when, as here, the second prong of *Strickland* is dispositive, we need address only that prong on appeal. *Seamster v. State*, 344 S.W.3d 592, 594 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *see Strickland*, 466 U.S. at 697, 104 S. Ct. 2069 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

We overrule Taylor's sole point of error.

## Conclusion

We affirm the judgment of the trial court.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do Not Publish — Tex. R. App. P. 47.2(b).

7